Morris E. Spegtor, J.
Motion to stay arbitration or, in the alternative, to limit the scope of the arbitration proceeding is in all respects denied. On June 21, 1960, respondents herein filed with the American Arbitration Association a demand for arbitration of a controversy arising out of the alleged breach by *372 petitioner herein of a written contract between the parties to make a motion picture. Admittedly that written contract contained a clause (par. 14) providing for arbitration under the rules of the association. Since the parties to the agreement were two foreign citizens and a foreign corporation, an additional paragraph therein irrevocably designated certain New York City residents for each party “ as their respective agents for the receipt of any process in the State of New York, in connection with any dispute arising out of this agreement ” (par. 15). Petitioner’s agent thereunder was one Ralph Serpe. On or about June 21,1960, Serpe.received for the petitioner a notice of intention to arbitrate from respondents, and shortly thereafter a letter from the association clearly explaining its rules in accordance with respondents’ demand for arbitration. The association specifically directed petitioner’s attention to sections 7c and 12 of its rules, which provide respectively for seven days in which to answer and to return the list of arbitrators selected. Neither Serpe nor petitioner at that time contested in any manner the jurisdiction of the association, but Serpe, on the other hand, merely arranged between the parties and the association for a 30-day adjournment “ to begin preparing his [petitioner’s] defense and case ” (letter of June 30, 1960, from Serpe to attorneys for respondents). Thereafter, the association again reminded petitioner of the new deadline (July 21) for answering and selecting arbitrators. On July 11, 1960, attorneys for petitioner wrote to respondents and to the association requesting a further adjournment until August 15 ‘ ‘ to answer and to approve the list of arbitrators ”, because of the illness of Serpe and the impending arrival from Italy of other representatives of petitioner. Petitioner did not contest jurisdiction nor raise any other issues at this time, but instead specifically stated, through his attorneys, the purposes for which the adjournment was being-requested. Further correspondence between the parties and the association resulted in an adjournment until August 8, 1960 with a new time limit for answering and selecting arbitrators of August 15. The motion herein was brought on by an order to show cause on August 12. Petitioner contests the validity of the original contract because of allegedly embodying “ illusory ” mutual promises, and requests alternative relief in the form of limiting the issues in any arbitration that may be allowed.
Since respondents’ original notice of intention to arbitrate failed to contain the caveat provided for by subdivision 2 of section 1458 of the Civil Practice Act — that unless within 10 days after service of the notice, the party served moves to stay the arbitration, such party is barred from contesting the validity *373 of the contract, its submission and any failure to comply therewith— petitioner could at any time thereafter move to stay unless he had participated in the arbitration or in the selection of arbitrators (Civ. Prac. Act, § 1458, subd. 2). The reason for the short time period (seven days) afforded a party to an arbitration by the rules of the American Arbitration Association in which to answer and select arbitrators is perfectly clear. It is in the best interests of all concerned and of society that the arbitration process be as speedy as practicable and that the rights of parties be determined rather than be held in a state of animated suspension. The petitioner selected by written agreement his personal agent for just such a contingency as an arbitration proceeding. The petitioner was well informed as to his rights in such proceeding. His repeated requests for adjournments demonstrate his knowledge of the facts that failure to answer would be deemed a general denial of the claim and failure to select three particular arbitrators would be deemed an approval of all on the submitted list. Petitioner’s attorneys specifically requested more time in which to answer and to choose arbitrators. On all the facts it is clear that petitioner both participated in the selection of the arbitrators and in the arbitration proceeding. This being so, the court cannot now consider the validity of the contract nor the scope of the arbitration. These issues may be raised by petitioner, however, by opposing the confirmation of any award, if he be so advised (Civ. Prac. Act, § 1458). Nothing appears in subdivision 2 of section 1458 to indicate that the arbitrators need have been finally and permanently selected in order for a party to have participated in the selection. Petitioner had the list of arbitrators and could at any time have approved all, some or none of them. However, petitioner, having been afforded until August 15 to select arbitrators and having brought on this motion on August 12, it shall be deemed, in the interests of justice, that his time for selection did not expire on August 15, so that only the three arbitrators approved by respondents Avill have been qualified to sit on the arbitration. Petitioner will not be penalized to that extent for legal resistance that he believed to be his right. Petitioner should be afforded seven additional days from the service of a copy of this order, together with notice of entry thereof, in order to make a selection of arbitrators from the list submitted.