Sidney A. Fine, J.
This is a motion to stay arbitration on the ground that the right to arbitrate is premature as to some of the matters sought to be arbitrated, and on the ground that the remaining matters are not arbitrable. It appears, without contradiction, that after service of a copy of the demand on petitioner, by certified mail, on November 25, 1960, the latter’s then attorney asked respondent’s attorney for “ additional time to file his answering statement ” and “ that I also extend his time to file his selection of arbitrators to December 16, 1960 ”. Respondent’s attorney “ granted him this courtesy ”, whereupon petitioner’s said attorney, on the same date (Dec. 6, 1960), wrote a letter to the American Arbitration Association reading as follows: “We confirm to you conversations on this *600 • date to the effect that Mr. Tavner, attorney for Mr. Tantleff, has stated that he has no objection to an extension of time for Respondent to file its answering statement and claim on or before December 16, 1960, instead of December 6, 1960. The parties have also agreed that the time for filing of selections of arbitrators be similarly extended to and including December 16, 1960 ”. (Italics the court’s.) It was not until the letter of petitioners’ present attorney, dated December 15, 1960, that objection to the arbitration was made for the first time. The petitioners ’ request for an extension of time 1 ‘ to file its answering statement and claim” and to select arbitrators must be held to constitute a bar to its present application for a stay (Matter of De Laurentiis [Cinematografica Le Las Americas], 26 Misc 2d 371, affd. 12 A D 2d 467 [1st Dept.]). In that case, as in this, the applicant for a stay had requested an extension of time to file its statement and select arbitrators, without actually going ahead with the selection of arbitrators or doing anything more. Nevertheless, the Special Term held that the right to object to the arbitration had been waived. The Appellate Division, although it also went into the merits of the claim that the contract providing for arbitration was invalid, prefaced its discussion of the merits with an express holding that “ Special Term properly concluded that petitioner-appellant was barred from attacking the validity of the contract ” (p. 467). The court sees no distinction between this ease and Matter of De Laurentiis (supra) and is accordingly constrained to deny the motion to stay arbitration, without considering what petitioners’ rights would be had it not waived its right to apply for a stay. Motion denied.